UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | | |
|---|---|---|
| RASHEEN CARBIN | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| NORTHERN RESOLUTION GROUP, LLC | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Rasheen Carbin ("Plaintiff"), is a natural person who at all relevant times resided in the District of Columbia, County of Washington, and City of Washington.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Northern Resolution Group, LLC ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay debts owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligations, or alleged obligations, owed or due, or asserted to be owed or due a creditor other than Defendant, arise from transactions in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes.

10. The alleged obligations arise from a personal line of credit and a personal payday loan.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

12. In or about June 2012, Plaintiff pulled his Trans Union credit report, and at such time, Plaintiff learned that Defendant had reported an amount of "$135" on his credit report for an alleged debt owed to original creditor iAdvance (the "iAdvance Debt"). (See Trans Union Credit Report, attached as Exhibit A).

13. Plaintiff sent Defendant written communication dated June 9, 2012, via certified mail, disputing the iAdvance Debt in amount of "$135," requesting validation, and demanding that Defendant cease and desist from placing any and all telephone calls to Plaintiff. (See June 9, 2012 Correspondence, attached as Exhibit B).

14. Defendant received Plaintiff's June 9, 2012 communication regarding the iAdvance Debt on June 13, 2012 at 1:22 P.M. (See Delivery Confirmation, attached hereto Exhibit C).

15. Defendant sent Plaintiff written communication regarding the iAdvance Debt, dated July 11, 2012, stating in relevant part:

> The aforementioned account is currently owned by Northern Resolution Group, LLC. Said account is a debt, due, owing and payable in the total amount of **$235.00 USD** ($135.00 principal balance + $100.00 interest and fees).

(See July 11, 2012 Correspondence, attached as Exhibit D) (emphasis in original).

16. In its July 11, 2012 letter, Defendant falsely represented the amount of the iAdvance Debt by stating that the balance owed was $235.

17. In its July 11, 2012 letter, Defendant falsely represented the amount of the iAdvance Debt by adding $100 in interest and fees, when upon information and good-faith belief, Defendant could not lawfully add interest and fees to the iAdvance Debt.

18. As such, in its July 11, 2012 written communication, Defendant attempted to collect an amount from Plaintiff not expressly authorized by the agreement creating the iAdvance Debt.

19. In the alternative, Defendant communicated credit information which is known or which should be known to be false, when it reported that Plaintiff owed a balance of $135 for the iAdvance Debt, if in fact, the balance owed was $235.

20. In or about July 2012, Plaintiff obtained his Trans Union credit report, and at such time, learned that Defendant had reported an amount of "$850" on his credit report for an alleged debt owed to original creditor Eastside Lenders (the "Eastside Debt"). (See July 31, 2012 Trans Union Credit Report, attached as Exhibit E).

21. Plaintiff sent Defendant written communication dated July 31, 2012, via certified mail, disputing the Eastside Debt in the amount of "$850" and requesting validation. (See July 31, 2012 Correspondence, attached as Exhibit F).

22. Defendant received Plaintiff's July 31, 2012 letter regarding the Eastside Debt on August 7, 2012 at 11:07 A.M. (See Delivery Confirmation, attached as Exhibit G).

23. Defendant sent Plaintiff written communication regarding the Eastside Debt, dated August 17, 2012, stating in relevant part:

> The account/debt described above and currently owned by Northern Resolution Group, LLC is a debt, due, owing and payable in the total amount of **$1,050.00 USD**. However, as a courtesy; we will waive the interest & fees (**$200.00**), and accept **$850.00 USD** as payment in full, and upon clearance of funds from your payment(s) we will also delete the account listing from your credit bureau reports.

(See August 17, 2012 Correspondence, attached as Exhibit H) (emphasis in original).

24. In its August 17, 2012 letter, Defendant falsely represented the amount of the Eastside Debt by stating that the total amount owed was $1050.

25. In its August 17, 2012 letter, Defendant falsely represented the amount of the Eastside Debt by adding $200 in interest and fees, when upon information and good-faith belief, Defendant could not lawfully add such interest and fees to the Eastside Debt.

26. As such, in its August 17, 2012 written communication, Defendant attempted to collect an amount from Plaintiff not expressly authorized by the agreement creating the Eastside Debt or otherwise permitted by law.

27. In the alternative, Defendant communicated credit information which is known or which should be known to be false, when it reported that Plaintiff owed a balance of $850 for the Eastside Debt, if in fact, the balance owed was $1050.

## COUNT I

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the iAdvance Debt.

30. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Eastside Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the iAdvance Debt from Plaintiff.

33. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the Eastside Debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the iAdvance Debt.

36. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the Eastside Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

37.     Plaintiff repeats and re-alleges each and every allegation contained above.

38.     In the alternative, Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false regarding the iAdvance Debt.

39.     In the alternative, Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false regarding the Eastside Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(8);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

40. Plaintiff is entitled to and hereby demands a trial by jury.

This 9th day of November, 2012.

ATTORNEYS FOR PLAINTIFF
*Rasheen Carbin*

Respectfully submitted,

/s/ Jeanne Lahiff
Jeanne Lahiff, Esq
NY Bar No. 2252435
**Weisberg & Meyers, LLC**
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 511
(866) 842-3303 (fax)
JLahiff@attorneysforconsumers.com

*Please send correspondence to the address below:*

**Weisberg & Meyers, LLC**
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012