UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RASHEEN CARBIN,

                              Plaintiff,

                -vs-                                         12-CV-1108JTC

NORTHERN RESOLUTION GROUP, LLC,

                              Defendant.

---

## INTRODUCTION

On November 9, 2012, plaintiff, Rasheen Carbin, filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Defendant, Northern Resolution Group, LLC, ("Northern"), failed to appear and defend this action, which resulted in the Clerk of the Court's entering of default on May 20, 2013. Item 7. Presently before the court is plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1. Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed.R.Civ.P. 55(a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to

the amount of damages.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.  Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment.  *See* Fed.R.Civ.P. 55(b)(2).  Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation."  *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974).  All reasonable inferences from the evidence presented are drawn in the moving party's favor.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

## 2. Liability

As set forth in the complaint, the facts are straightforward.  In June 2012, plaintiff examined his credit report and saw that defendant had reported an alleged debt of $135.  He sent defendant a written communication disputing the debt, requesting validation of the debt, and demanding that defendant cease all telephone calls to plaintiff.  Item 1, ¶¶ 12-13.  In response, defendant sent plaintiff a written communication stating that plaintiff owed $235, the $135 principal balance plus $100 interest and fees.  *Id.,* ¶ 15.  Thereafter, in July 2012, plaintiff obtained his credit report and saw that defendant had reported an additional alleged debt of $850.  He sent a written communication disputing the debt and requesting validation.  *Id.,* ¶¶ 20-21.  Defendant sent a written communication in response, stating that the amount due was

$1050, but that it would waive interest and fees of $200 and accept payment in full of $850. *Id.,* ¶ 23.  Plaintiff alleged that defendant falsely represented the amount of the debts and attempted to collect an amount not authorized by the agreements creating the debts, in violation of the FDCPA.

Plaintiff claims a wide range of violations under numerous provisions of the FDCPA, including sections 1692e(2)(A), (8), and (10), and 1692f(1). These provisions of Title 15 prohibit various acts, including falsely representing the character, amount, or legal status of a debt, deceptive practices in connection with the collection of a debt, threats to communicate credit information that is known to be false, and collecting an amount that is not expressly authorized by the agreement creating the debt.  As plaintiff has alleged that defendant falsely represented the amount of the debts and attempted to collect an amount not expressly authorized by the agreement creating the debts, in its demand for interest and fees in addition to the amount reported to the credit reporting bureau, liability under the FDCPA is established.

### 3. Damages

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir.1998).  Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals adversely affected, and the extent to which the

debt collector's non-compliance was intentional. See 15 U.S.C. § 1692k(b)(1).  Awards of the $1,000 statutory maximum are typically granted in cases where the defendants' violations are "particularly egregious or intimidating."  *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. April 3, 2012).

By virtue of the entry of default, Northern is deemed to have admitted the well-pleaded allegations of the complaint, including falsely representing the debts and attempting to collect payment of interest and fees in addition to the principal amount of the debts, amounts not expressly authorized by the agreements creating the debts. Under the circumstances, the court finds these violations of the FDCPA not particularly egregious or intimidating and awards plaintiff a total of $400 in statutory damages pursuant to 15 U .S.C. § 1692k(a)(2)(A).  *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.,* 2011 WL 334311, *3 (W.D.N.Y. January 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions, LLC,* 2012 WL 400789, *3 (W.D.N.Y. February 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence   that communications with collector were persistent); *Twarozek v. Midpoint Resolution Group, LLC,* 2011 WL 3440096, at *4 (W.D.N.Y. August 8, 2011) (declining as "excessive" demand for $1,000 for violation consisting of one improper telephone call

made by defendant in addition to its improper disclosure of information to a third party and false representations).

## 4. Attorneys' Fees and Costs

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants. *See* 15 U.S.C. § 1692k (a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117 (2d Cir. 2007). There is a presumption in favor of the hourly rates employed in the district in which the case is litigated. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009). Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, due to the absence of any documentation in his motion for a default judgment, the court ordered plaintiff to provide additional support for his request for attorney's fees and costs. Plaintiff's further submission (Item 14) documents 18.5 hours of work on the case, 10.8 hours by various attorneys and 7.7 hours by paralegals and other support staff. Two of the attorneys charge an hourly rate of $335. The remainder of the attorneys charge $175 per hour. The hourly rate for paralegals is $135, while the

rate for administrative staff is $100 per hour.  The court finds the number of attorney hours expended on the case to be reasonable but, with the exception of the rate of $175, the court finds the requested hourly rates excessive compared to the prevailing market rates in this district for FDCPA cases.  Additionally, courts generally hold that "clerical and secretarial services are part of overhead and are not generally charged to clients." *Guardado v. Precision Fin., Inc.*, 2008 WL 822105, at *6 (E.D.N.Y. March 25, 2008) (internal citation omitted). Clerical tasks such as organizing case files and preparing documents for mailing are not compensable, while paralegal tasks such as the selection and redaction of trial exhibits and preparation of trial exhibits and witness binders are compensable.  *Dotson v. City of Syracuse*, 2011 WL 817499, *26 (N.D.N.Y. March 2, 2011); see also *Rozell v. Ross-Holst*, 576 F.Supp.2d 527, 541 S.D.N.Y. 2008).

A review of FDCPA cases in the Western District of New York indicates that the hourly rate for an experienced attorney ranges from $215 to $250, while the hourly rate for paralegal staff ranges from $50 to $75 per hour.  *See Halecki v. Empire Portfolios, Inc.*, ___ F.Supp.2d ___, 2013 WL 3442678 (W.D.N.Y. July 09, 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff); *Fajer v. Kaufman, Burns & Associates,* 2011 WL 334311, *3 (awarding hourly rate of $215 for experienced attorney, $175 for newer attorney, and $75 for paralegal staff).  The court finds that $75 per hour for paralegal staff and $250 per hour for experienced attorneys is a reasonable hourly rate.  Additionally, the court has reviewed the contemporaneous

time entries submitted in support of the motion and finds that 2.3 hours spent on administrative/secretarial tasks by support staff is not compensable. Accordingly, the court awards attorney's fees in the amount of $2,460.00–2.2 hours at $250 per hour ($550), 8.6 hours at $175 per hour ($1,505), and 5.4 hours at $75 per hour ($405). The court has reviewed the plaintiff's request for costs and finds the $500.00 request for filing and service of process fees reasonable.

## CONCLUSION

Accordingly, plaintiff's Motion for Default Judgment (Item 8) is GRANTED. Plaintiff is awarded $400.00 for defendant's violations of the FDCPA, $2,460.00 in attorney's fees, and $500.00 in costs. The Clerk of the Court is directed to close this case.

So Ordered.

\_\_\_\_\_\\s\ John T. Curtin\_\_\_\_
JOHN T. CURTIN
United States District Judge

Dated: August 29    , 2013
p:\pending\2012\12-1108.aug14.2013